UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ESTATE OF MARK MONTGOMERY, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SOLOY, LLC, a Washington limited liability company, <br><br> Defendant. | NO.  3:16-cv-05125-RJB <br><br> **ORDER ON MOTION TO STAY AND MOTION TO DISMISS** |
| EAGLEMED, L.L.C. and STARR INDEMNITY AND LIABILITY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SOLOY, LLC, a Washington limited liability company, <br><br> Defendant. | NO.  16-cv-5136  RJB |

This matter comes before the Court on the Plaintiffs' Joint Motion to Stay Proceedings Pending Outcome of Pending Appeal before the Oklahoma Court of Civil Appeals (Dkt. 21) and Defendant Soloy, LLC's ("Soloy") Motion to Dismiss (Dkt. 16).  The Court has considered the motions and the remaining record.

ORDER ON MOTIONS TO STAY AND DISMISS - 1

These consolidated cases arise from a helicopter crash in Oklahoma City, Oklahoma on February 22, 2013. Dkt. 1. Defendant Soloy, a Washington company, is alleged to have designed, tested, and manufactured the helicopter's engine "conversion package" that is asserted to have been defective and contributed to, or caused, the crash. *Id.*

Plaintiffs move for a stay pending the outcome of a parallel Oklahoma state court action which is currently pending before the Oklahoma Court of Civil Appeals (Appeal number 115047). Dkt. 21. Defendant Soloy moves for dismissal of the case based on *forum non conveniens*. Dkt. 16. For the reasons provided, the motion to stay (Dkt. 21) should be granted and the motion to dismiss (Dkt. 16) should be stricken, to be renoted, if appropriate.

**FACTS**

In 2015, Plaintiffs filed a case in Oklahoma state court for relief based on the crash. *Montgomery v. Airbus Helicopters, Inc.,* District Court of Oklahoma County, State of Oklahoma case number CJ-2015-908. Prior to the filing of the Oklahoma action, other parties (and their estates) involved in the crash filed suit in Texas on August 16, 2013. *Denning, et al.* v. *Airbus Helicopters, Inc., et al.*, Tarrant County, Texas, 141st District, case number 141-267463-13; *See* Dkt. 17-3. The Plaintiffs here joined the Texas litigation, but eventually voluntarily dismissed their case and re-filed in Oklahoma. *See* Dkts. 17-3, 17-37, and 17-38.

Soloy moved the Oklahoma trial court for dismissal based on *forum non conveniens*, which was denied. Dkt. 17-10. The Oklahoma trial court then found that it did not have personal jurisdiction over Soloy and so, on that basis, dismissed the claims against it. *Id*. Plaintiffs appealed the decision to dismiss Soloy to the Oklahoma Court of Civil Appeals (Appeal number 115047) on June 17, 2015. Dkt. 17-11. Plaintiffs filed this case to prevent their claims from being barred by the statute of limitations. Dkt. 1. Plaintiffs now move for a

ORDER ON MOTIONS TO STAY AND DISMISS - 2

stay of this matter pending the Oklahoma Court of Civil Appeals' decision on whether the Oklahoma courts have personal jurisdiction over Soloy. Dkt. 21.

In Soloy's pending motion to dismiss based on *forum non conveniens,* it argues that this is an inconvenient forum "because similar lawsuits are ongoing in Texas and Oklahoma." Dkt. 16, at 4 and 35. Soloy maintains that Texas is a more convenient forum for this case, and notes that the Texas litigation has been ongoing for several months. *Id.*

## **DISCUSSION**

A district court has broad discretion to stay an action. *See Landis v. North American Co.,* 299 U.S. 248, 254 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). Courts consider the "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

Considering the competing interest here, this case should be stayed. Soloy has not shown that it would be unduly damaged by the stay. Soloy favors suit in Texas, but, in any event, clearly disfavors suit in this forum as evidenced by its motion to dismiss based on *forum non conveniens*. Plaintiffs properly point out that hardships exist for all parties since extra resources would have to been expended on both sides if both cases go forward. Further, the "orderly course of justice" favors staying this case. If the Oklahoma court determines that it has jurisdiction over Soloy, decisions it has already made may simplify or impact the issues in this case. Further, the accident occurred in Oklahoma, and some of the parties live in Oklahoma, possibly making issues of proof simpler in that forum. This case should be stayed

ORDER ON MOTIONS TO STAY AND DISMISS - 3

pending the outcome of the decision of the Oklahoma Court of Civil Appeals (Appeal number 115047).

All pending motions should be stricken, to be renoted, if appropriate, after the stay is lifted. Plaintiffs should be ordered to inform this Court within 30 days of the decision by the Oklahoma Court of Civil Appeals, or in any event, should report on or before December 2, 2016. All other deadlines should be stricken.

## **ORDER**

It is **ORDERED** that:

- Plaintiffs' Joint Motion to Stay Proceedings Pending Outcome of Pending Appeal Before the Oklahoma Court of Civil Appeals (Dkt. 21) is **GRANTED;**
- All pending motions and deadlines are **STRICKEN WITHOUT PREJUDICE**; and
- Plaintiffs **SHALL** inform this Court within 30 days of the decision by the Oklahoma Court of Civil Appeals, or in any event, should report on the status of the pending cases on or before December 2, 2016.

The Clerk is directed to send uncertified copies of this Order to Defendant Barron, any other party proceeding *pro se*, and all counsel of record.

Dated this 20th day of June, 2016.

_____
ROBERT J. BRYAN
United States District Judge